IN THE UNITED STATED DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A., AS TRUSTEE FOR THE POOLING AND SERVICING AGREEMENT DATED AS OF FEBRUARY 1, 2005 PARK PLACE SECURITIES, INC. ASSET-BACKED PASS-THROUGH CERTIFICATES SERIES 2005-WHQ1, | § § § § § § § § § § § § § § § § | Civil Action No. 4:19-cv-15 |
| Plaintiff, | | |
| v. | | |
| CHARLES H. KELLY, JR., | | |
| Defendant. | | |

## FINAL DEFAULT JUDGMENT

Came on to be considered the above-entitled and numbered cause wherein Plaintiff Wells Fargo Bank, N.A., as Trustee for the Pooling and Servicing Agreement dated as of February 1, 2005 Park Place Securities, Inc. Asset-Backed Pass-Through Certificates Series 2005-WHQ1 ("Plaintiff"), is the Plaintiff and Sophie Rae Sizemore and Michael Kelly ("Defendants") are the Defendants. Despite having been duly and legally summoned to appear and answer, Defendants failed to appear and answer, and wholly made default on Plaintiff's claims against them.

I.

Plaintiff's *Original Complaint* ("Complaint") was served upon the Defendants according to law and returned to the Clerk where it remained on file for the time required by law. The Court has read the pleadings and the papers on file, and is of the opinion that the allegations of Plaintiff's Complaint have been admitted by Defendants. The Court further finds that Plaintiff does not seek

monetary damages against the Defendant, but instead seeks certain declarations and a judgment allowing foreclosure of the real property which is the subject of this action. Therefore,

## II.

In light of the Defendants' default and the nature of Plaintiff's claims, the Court orders as follows:

It is **ORDERED, ADJUDGED, AND DECREED** that the material allegations of the Complaint be and are deemed admitted as to the Defendants. It is further,

**ORDERED, ADJUDGED AND DECREED** that an event of default has occurred on that certain Note, executed on or about December 15, 2004 by Charles H. Kelly, Jr., and payable to Olympus Mortgage Company (hereinafter "Note"). It is further,

**ORDERED, ADJUDGED AND DECREED** that that certain Deed of Trust, dated December 15, 2004, signed by Charles H. Kelly, Jr. and recorded as Document No. Y150640 in the real property records of Harris County, Texas (hereafter "Security Instrument"), provides Plaintiff, as the mortgagee of the Security Instrument, in the event of a default on the obligations on the Note, with a first lien security interest or that certain real property commonly known as 2309 Olive Circle, Baytown, Texas 77520 and being further described as follows:

> LOT 7, BLOCK 3, HOLLY HILLS, SECTION ONE, IN THE CITY OF BAYTOWN, HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 101, PAGE(S) 13, MAP RECORDS OF HARRIS COUNTY, TEXAS. (The "Property").

It is further,

**ORDERED, ADJUDGED AND DECREED** that Plaintiff is the mortgagee as that term is defined in section 51.0001(4) of the Texas Property Code. It is further,

ORDERED, ADJUDGED AND DECREED that the following are secured by the Security Instrument on the Property: the outstanding balance of the Note, including attorney's fees; pre-judgment interest; post-judgment interest; and costs of court. It is further,

ORDERED, ADJUDGED AND DECREED that due to event of default on the Note, Plaintiff, or its successors or assigns, may enforce its Security Instrument against the Property through non-judicial foreclosure of the Property as provided in the Security Instrument and Texas Property Code § 51.002. It is further,

ORDERED, ADJUDGED AND DECREED that should Plaintiff proceed with foreclosure on the Property then, the purchaser at the foreclosure sale will be vested with all of Defendants' interest, rights, and title in the Property. It is further,

ORDERED, ADJUDGED AND DECREED that Plaintiff may further communicate with Michael Kelly and Sophie Rae Sizemore, and all third parties reasonably necessary to conduct the foreclosure sale. It is further,

ORDERED, ADJUDGED AND DECREED that all costs are to be taxed against the Defendants. It is further,

ORDERED, ADJUDGED AND DECREED that Plaintiff is awarded attorney's fees and costs, to be determined by subsequent motion pursuant to Federal Rule of Civil Procedure 54(d)(2)(B)(i).

Signed this _____ day of FEB 1 0 2020 , 2020.

_____
U.S. DISTRICT JUDGE